**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HAROLD BOWERS,** | : | **No. 3:07cv1134** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONWIDE INSURANCE COMPANY, a/k/a NATIONWIDE INSURANCE and NATIONWIDE INSURANCE COMPANY,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is defendant's motion to dismiss the instant complaint, or in the alternative, to strike portions of the complaint. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out an automobile accident involving the plaintiff that occurred on May 27, 1997. On that date, plaintiff carried an automobile insurance policy from Defendant Nationwide Mutual Insurance Company. (Complaint (hereinafter "Compl.") (Doc. 1-3) at ¶ 3). Plaintiff's vehicle was struck by another car in Scranton, Pennsylvania, and plaintiff sustained severe and permanent injuries to his back. (Id. at ¶ 8). These injuries left the plaintiff disabled, and he proved unable to continue working. (Id. at ¶¶ 9-10). Plaintiff suffered damages in excess of $800,000. (Id. at ¶ 10). The driver who was responsible for the plaintiff's injuries

had liability insurance with policy limits of $15,000. (Id. at ¶ 11).

The extreme disparity between plaintiff's injuries and the tortfeasor's insurance coverage led plaintiff to reach a settlement with the other driver and make a claim with Defendant Nationwide for underinsured motorist benefits. (Id. at ¶ 13). Plaintiff complied with all of Nationwide's requests for information and documentation after making this claim. (Id. at ¶ 14). He sought $500,000 in underinsured motorist coverage, apparently the limits available under his policy. (Id. at ¶ 15). Nationwide offered $35,000 as settlement for the claim. (Id. at ¶ 16). Plaintiff then agreed to mediate the claim, but the mediation was unsuccessful. (Id. at ¶ 17). He then offered to settle the claim for $300,000, but Nationwide continued to offer $35,000. (Id. at ¶¶ 19-20).

Unable to settle the claim through mediation, plaintiff instituted litigation seeking to recover $500,000 in underinsured motorist benefits. (Id. at ¶ 23). The matter went before an underinsured motorist arbitration panel on March 2, 2005. (Id.). The panel concluded that plaintiff's damages from the accident entitled him to an award of $551,673. (Id. at ¶ 24). Plaintiff alleges that at this hearing the defendant did not present any expert or other testimony to support its position, but instead relied on previously compiled reports that were obviously inadequate. (See Brief in Opposition to Plaintiff's Motion to Dismiss (Doc. 7) at 4).

After obtaining this arbitration award, plaintiff filed a praecipe for a writ of summons in the Court of Common Pleas of Lackawanna County, Pennsylvania on

February 22, 2007. Plaintiff filed his complaint in that court on June 5, 2007. Plaintiff alleges that defendant violated Pennsylvania law and operated in bad faith by failing to conduct a reasonable investigation before engaging in procedures to resolve his claim. The complaint alleges that defendant's medical investigation of plaintiff's condition was insufficient and contrary to the medical record. Further, the plaintiff contends, the defendant relied on an economic expert who was unqualified for the task and made basic accounting errors in determining the value of plaintiff's lost business. Plaintiff's complaint seeks damages for defendant's bad faith, including interest for the unnecessary delays in payment of plaintiff's insurance coverage, the costs required to recover that payment, and punitive damages.

Defendant filed a notice of removal on June 25, 2007, contending that this court had jurisdiction on the basis of the diversity statute, 28 U.S.C. § 1332. (See Doc. 1). On July 2, 2007, defendant filed the instant motion to dismiss. The parties then briefed the issue, bringing the case to its present posture.

**Jurisdiction**

Plaintiff is a citizen of Pennsylvania. Defendant is an Ohio corporation with its principle place of business in that state. The amount in controversy is more than $75,000. Accordingly, this court has diversity jurisdiction to hear the case. See 28 U.S.C. § 1332(a)(1) (establishing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1)citizens of

different States.”).

**Legal Standard**

When analyzing a 12(b)(6) motion to dismiss, all well-pleaded allegations of the complainant must be viewed as true and in the light most favorable to the non-movant to determine whether “under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.” Colburn v. Upper Darby Township, 838 F.2d 663, 665-666 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider “matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.” Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)(citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). The complaint is properly dismissed “if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**Discussion**

We will address each ground defendant raises for dismissing the case in turn.

**A. Rule 12(b)(6) Motion to Dismiss**

Defendant argues that the statute of limitations has run on plaintiff's action, meaning that he can state no facts upon which relief could be granted. Defendant argues that numerous incidents raised in the complaint indicate that plaintiff was aware of bad faith on the defendant's part more than two years before he filed his complaint. Defendant notes that among the incidents cited by the plaintiff as evidence of bad faith are defendant's November 30, 2004 refusal to offer more than $35,000 to resolve the claim through mediation and his counsel's January 27, 2005 letter to defendant that appeared to allege that defendant was acting with bad faith in denying the claim. Defendant thus contends that plaintiff's claim accrued either in November 2004 or January 2005, more than two years before he filed his complaint. Plaintiff responds that at the time of the 2004 mediation, plaintiff was not aware that Nationwide acted in bad faith. The January 2005 letter is also not evidence that plaintiff knew of the bad faith claim, but a threat by his lawyer that he would begin investigating whether such a claim existed. Only at plaintiff's state hearing in March 2005 did plaintiff recognize the utter lack of investigation of his claim. Plaintiff contends that his claim accrued when he realized that defendant had made no effort to examine his allegations.

The parties also disagree about the length of the statute of limitations in this case. Defendant argues that the case arises under 42 PENN. CONS. STAT. § 8371, a two-year statute of limitations should apply. Plaintiff argues that the case, though it arises under the statute, should actually be considered a case involving a breach of

implied covenant of good faith and fair dealing by the insurance company. Accordingly, plaintiff contends, we should apply a four-year statute of limitations to the matter. We agree with the defendant. The Pennsylvania Supreme Court has recently answered this question, holding that "an action under § 8371 is a statutorily-created tort action and . . . such an action is subject to the two-year statute of limitations under 42 PENN. CONS. STAT. § 5524." Ash v. Cont'l Ins. Co., 932 A.2d 877, 885 (Pa. 2007). A two-year statute of limitations therefore applies to this case.

The question here is thus whether plaintiff's claim accrued more than two years before he filed his action. In most cases, "the statute of limitations begins to run as soon as the right to institute and maintain a suit arises[.]" Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). A bad-faith insurance claim is based on "a 'frivolous or unfounded refusal to pay proceeds of [a] policy.'" Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2005). Such a claim accrues "when the insurer denie[s] liabilty because this [is] when the refusal to pay first occurs." Id.. Still, courts have found that subsequent acts of bad faith beyond the initial refusal to pay and acts related to that refusal can give rise to claims that are not time barred. See, e.g., Rottmund v. Continental Ins. Co., 813 F. Supp. 1104 (E.D. Pa. 1992) (finding that denying an insurance claim caused the statute of limitations to begin to run, but that subsequent acts of bad faith gave rise to claims that were not time-barred.).

The fact that plaintiff received an exceedingly low offer from the defendant

before and after mediation is not evidence that plaintiff's bad faith claim accrued. Plaintiff was not denied coverage, but was instead negotiating with the company about how much of coverage the company agreed he should receive. Plaintiff may have considered the offer unfair, or ridiculous, but the mere fact of an offer far below his expectations does not amount to a denial of coverage that would cause the statute of limitations to begin to run. The denial was not plain, or absolute, and documents attached to the complaint indicate that neither side had come to a final position on the value of the claim. Since defendant's position could not be considered final, the claim did not begin to accrue during the 2004 mediation.

The January 27, 2005 letter from plaintiff's counsel in the underlying underinsured motorist action also fails to provide conclusive evidence that defendant had refused coverage. While the letter complains of Nationwide's unwillingness to offer more than $35,000 to settle the claim, and suggests that the company had erred in "attacking Mr. Bower's credibility in a not so subtle attempt to protect Nationwide's own pecuniary interests." (Complt. Ex. A). The letter also informs defendant that plaintiff's counsel had "put a bad faith counsel on notice of what is presently transpiring." (Id.). This statement is not by itself evidence that defendant had denied the claim or made a final offer; instead the letter merely demonstrates one of the tactics used by the plaintiff to obtain a settlement from Nationwide. Plaintiff's attorney apparently felt that the threat of an investigation into whether the company had engaged in bad faith practices would lead the company to increase its

settlement offer. Absent more, this statement is not evidence that the claim had accrued by January 27, 2005, but actually evidence of plaintiff's negotiating position.

We therefore find that plaintiff's claim had not accrued after either of these incidents. Instead, the claim accrued at plaintiff's arbitration hearing on March 2, 2005. His claim was therefore timely filed in February 2007 because two years had not passed since the incident that gave rise to the claim. Even if plaintiff's claims based on the initial refusal to provide the full extent of the coverage were barred by the statute of limitations, we would find that the company's actions at the arbitration hearing in March 2005 give rise to a claim for bad faith unrelated to the initial refusal that survive defendant's statute of limitations claim. We read plaintiff's claim to allege that the company maintained that plaintiff was not due the coverage he sought based on no reasonable position, and that defendant committed a new act of bad faith by participating in this hearing without offering any serious defense of its position. The hearing, after all, was a separate procedure from plaintiff's initial claim for coverage and arises from an incident independent of defendant's refusal to pay the entire claim. Indeed, the bad faith claim is related to defendant's actions at the hearing, not to the any initial refusal to pay the claim.

Plaintiff filed a praecipe for a writ of summons on February 22, 2007 (Doc. 1-2). Under Pennsylvania law, an action commences when a plaintiff files such a praecipe. See PA. R. C. P. 1007 (establishing that "[a]n action may be commenced by filing with the prothonotary (1) a pracecipe for a writ of summons, or (2) a

complaint."). Plaintiff therefore filed his claim less than two years after his claim accrued in March 2005, and we will deny the motion to dismiss on this point.

**B. Rule 12(f) Motion to Strike**

In the alternative to its motion to dismiss, defendant seeks to have certain paragraphs of plaintiff's complaint dimsissed pursuant to Federal Rule of Civil Procedure 12(f), which establishes that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Courts have noted that motions to strike pursuant to Rule 12(f) "are not favored in the law." American Oil Co. v. Cantelou Oil Co., Inc., 41 F.R.D. 143, 145 (W.D. Pa. 1966). Indeed, such motions "will usually be denied unless the allegations have no possible relation to the controversy or may prejudice the other party." Id. Here, defendant's motion to strike does not point out how the allegations complained of are redundant, immaterial, impertinent or scandalous, nor how they are unrelated to the controversy. Instead, defendant points to individual paragraphs in the complaint and alleges that they are improper statements of the law or offer allegations insufficient to meet particular legal doctrines. Such contentions do not provide proper grounds for a 12(f) motion to strike; they point to allegedly incorrect statements of the law. Defendant can address these paragraphs when answering the complaint We will accordingly deny defendant's motion to strike paragraphs of the complaint.

**Conclusion**

For the above-stated reasons, defendant's motion to dismiss the complaint, or in the alternative for a motion to strike certain paragraphs of the complaint, is denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HAROLD BOWERS,** | : | **No. 3:07cv1134** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONWIDE INSURANCE COMPANY, a/k/a NATIONWIDE INSURANCE and NATIONWIDE INSURANCE COMPANY,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 18th day of January 2008, the defendant's motion to dismiss, or in the alternative to strike portions of the complaint (Doc. 2) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**